**UNITED STATES of America, Appellant,**

v.

**Matthew F. WHITAKER et al., Appellees.**

**UNITED STATES of America, Appellant,**

v.

**Matthew F. WHITAKER et al., Appellees.**

**Nos. 72–1682, 72–1683.**

United States Court of Appeals, Third Circuit.

Argued Dec. 5, 1972.

Decided Feb. 27, 1973.

Certiorari Denied June 18, 1973.

See 93 S.Ct. 3003, 3014.

Carl J. Melone, U. S. Atty., Philadelphia, Pa., Sidney M. Glazer and John J. Robinson, Attys., Department of Justice, Washington, D. C., Raymond E. Makowski, Sp. Atty., Department of Justice, Philadelphia, Pa., for appellant.

Gilbert B. Abramson, Philadelphia, Pa., for appellee William Wilson in No. 72–1683.

Robert G. Carr, Baltimore, Md., for appellees Elaine Perrera and Michael Charles Benicky in No. 72–1682.

Herman Schwartz, Buffalo, N. Y., for appellee William Wilson in No. 72–1683 and appellees Elaine Perrera and Michael Charles Benicky in No. 72–1682.

Norman C. Henss, Philadelphia, Pa., for appellees Matthew F. Whitaker and James Whitaker in Nos. 72–1682 and 72–1683 and James J. Avella and Peter Smith in No. 72–1683.

Edward G. Tremel, Biloxi, Miss., for appellee Peter J. Martino in No. 72–1682.

Paul D. Sulman, Philadelphia, Pa., for appellees Aldo Magnelli and Almond Magnelli in No. 72–1683.

Before VAN DUSEN, GIBBONS and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

The Government appeals pursuant to 18 U.S.C. § 2518(10)(b) from an order granting the defendants' motions to suppress evidence found by the district court to be the fruits of an electronic surveillance made pursuant to a warrant issued on the authority of Title III of the Omnibus Crime Control and Safe Streets Act of 1968. 18 U.S.C. §§ 2510–2520. The district court, 343 F. Supp. 358, granted the suppression on the ground that Title III is unconstitutional on its face, in that it fails to meet the requirements for a lawful electronic surveillance imposed by the fourth amendment. Most of the same constitutional arguments with respect to Title III were presented to this Court in United States v. Cafero, 473 F.2d 489 (3d Cir. 1973), and were rejected. That, case controls, except for one issue considered by the district court in this case but not in *Cafero*. As a separate ground for decision the district court in this case held that Title III was constitutionally deficient in failing to require prompt notice, after surveillance, not only to the persons named in the order, whose telephones were to be tapped, but also to all those whose conversations were intercepted as a result. In so holding, the district court relied in part on United States v. Gervato, 340 F.Supp. 454 (E.D.Pa.1972), which was subsequently reversed by this Court. United States v. Gervato, 474 F.2d 40 (3d Cir., 1973). As with warrants to search for tangibles, Fed.R.Crim.P. 41, the warrant and notice requirements of Title III are directed to the protection of the primary target of the search. It has never been suggested that because letters in the possession of that primary target might contain communications from other parties those other parties are constitutionally entitled to notice and an inventory.[1] Nor are such other parties aggrieved persons within the meaning of Title III. Alderman v. United States, 394 U.S. 165, 175–76 n. 9, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969). Indeed, while it might be possible to determine from signatures and return addresses on letters who might be entitled to such notice, from the typical telephone or face-to-face conversation electronically intercepted such a determination would be a literal impossibility. Thus far the Court, despite the opportunity to do so, has declined to hold Title III to be unconstitutional. *See* Gelbard v. United States, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972). If it were inclined to do so, one would hope that its decision would be based on a more defensible ground than the absence of a statutory notice requirement impossible of fulfillment had it been enacted.

It is, of course, desirable that the judge who authorizes the interception direct the filing, as promptly as reasonably possible, of the inventory contemplated by 18 U.S.C. § 2518(8)(d). That section, moreover, gives the judge discretion to cause service of the inventory upon other parties to the communication in cases where the communication has been such that the identity of such other parties is in fact known.[2] But as we pointed out in *Cafero, supra*, Congress has directed that in the exercise of that discretion the district court carefully weigh the competing claims to privacy arising of necessity from the interception of spoken communication.

The Order of the district court suppressing evidence obtained as a result of court authorized electronic interception will be reversed.

---

1. *But cf.* Roe v. Wade, 410 U.S. 113, 93 S. Ct. 705, 35 L.Ed.2d 147 (1973). The right of privacy, whatever its source, has not yet been developed to the point of encompassing this case.

2. There was in this case a delay, which we deem to be unnecessary and within the control of the district court, in the preparation of a transcript of the intercepted conversations. The district courts should be alert to prevent delays due to this mechanical problem.