**In re John E. DUNN, Appellant.**

**No. 74–1386.**

United States Court of Appeals, First Circuit.

Argued Dec. 4, 1974.

Decided Dec. 11, 1974.

William J. Cintolo, Revere, Mass., for appellant.

Jeremiah T. O'Sullivan, Sp. Atty., Dept. of Justice, with whom James N. Gabriel, U. S. Atty., and Gerald E. McDowell, Sp. Atty., Dept. of Justice, Boston, Mass., were on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

Having been granted "use" immunity and having been ordered to testify before a special grand jury investigating extortionate credit transactions, appellant was held in contempt and was confined as a recalcitrant witness upon his continued refusal to answer questions before the grand jury. 28 U.S.C. § 1826. We granted appellant a degree of relief when he was similarly situated earlier this year. In re Lochiatto, 497 F.2d 803 (1st Cir. 1974). Since that time he has continued to refuse to testify although the procedures mandated in In re Lochiatto were followed.

Appellant now asserts that the wiretaps upon which questions were allegedly based were illegal because the wiretapping application did not measure up to the standards in 18 U.S.C. § 2518(1)(c) and (3)(c). Under section (1)(c), a wiretap application must include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." In this case the court which issued the wiretap order had before it the affidavit of an F.B.I. agent to the effect that the "target", one Pellicci,[1] was, according to informants, suspicious of strangers; that physical surveillances would be "extremely difficult" due to the possibility of detection and to potential danger to a named undercover agent who was in touch with Pellicci; that the agent had found it extremely

[1]. See United States v. Pellicci, 504 F.2d 1106 (1st Cir. 1974).

difficult to increase the frequency of contacts without disclosing his undercover role; and that the very nature of loan sharking deterred conventional methods of investigation since victims were characteristically frightened of their creditors and afraid to testify. We believe that the affidavit provided a sufficient factual statement to enable the court to find, as it did, that normal investigative procedures reasonably appeared unlikely to succeed if tried or to be too dangerous. 18 U.S.C. § 2518(3)(c). The sufficiency of the application is to be tested in a practical and commonsense fashion. The court could consider the nature of the alleged crimes, and could give weight to the opinion of those investigating Pellicci that in the described circumstances other means were too dangerous and might be counterproductive if pursued.

Appellant also contends that he was denied due process in the proceedings below, and that he was entitled to more discovery than he received. We find no merit in either contention, nor in other contentions made on this appeal.

Affirmed. Mandate to issue forthwith.