UNITED STATES of America ex rel.
Andrew Joseph MACHI, Petitioner,

v.

UNITED STATES DEPARTMENT OF
PROBATION AND PAROLE,
Respondent.

No. 75-C-33.

United States District Court,
E. D. Wisconsin.

May 7, 1975.

Joseph P. Balistrieri, Milwaukee, Wis., for petitioner.

William J. Mulligan, U. S. Atty., Milwaukee, Wis., for respondent.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is a petition for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2255. On October 11, 1972, Mr. Machi was convicted in case number 70–Cr–167 for violation of federal gambling statutes. Although he did not raise this issue in his pre-trial motions to suppress or on appeal, he now complains that the introduction at trial of certain court-ordered electronic surveillance tape recordings denied him the protection of the fourth amendment and 18 U.S.C. § 2518(10)(a). Specifically, he claims that the authorization to apply for the court order was invalid because neither the attorney general or his specially designated assistant attorney general approved the authorization. See 18 U.S.C. §§ 2516(1) and 2518(10)(a)(i); United States v. Giordano, 416 U.S. 505, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974).

The government has filed a "return to petition for habeas corpus" together with a brief and an affidavit of executive assistant attorney general Sol Lindenbaum. The Lindenbaum affidavit recites that:

"On or about September 4, 1970, the Criminal Division of the Department of Justice addressed to the Attorney General a request for approval of authorization to apply for an interception order. The request was accompanied by copies of the proposed affidavit, application, and order, as well as a recommendation of approval from the Criminal Division.

"As Attorney General John N. Mitchell was outside the city of Washington, D.C., I conferred with him telephonically and advised him orally of the substance of a memorandum of recommendation received from the Criminal Division and of a proposed memorandum of approval from him to Will Wilson. The memorandum of recommendation was for approval of a request for authorization to make application for a wire interception order with respect to three telephone lines

in West Allis and Milwaukee, Wisconsin. He orally approved the recommendation of the Criminal Division, and I thereupon caused his initials to be placed on the memorandum to Will Wilson. The memorandum approved the request for authorization to make application for an interception order and constituted notification to the Criminal Division of the approval."

Two issues are presented. First, does the type of telephonic authorization procedure referred to in the Lindenbaum affidavit comport with the requirements of 18 U.S.C. §§ 2516 and 2518(10)(a)? Second, under the circumstances of this case, has the petitioner waived his right to raise this *Giordano*-type ground at this juncture? In my judgment, further submissions are required in order for this court adequately to explore the circumstances germane to such determinations.

In United States v. Giordano, 416 U.S. 505, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974), the United States Supreme Court held that Congress did not intend the power to authorize wiretap applications to be exercised by any individuals other than the attorney general or an assistant attorney general specially designated by him. 416 U.S. at 512–523, 94 S.Ct. 1820. The Lindenbaum affidavit does not indicate with adequate specificity the precise degree and character of then attorney general Mitchell's personal participation in the telephonic authorization process involved here. See United States v. Whitaker, 343 F.Supp. 358 (E.D.Pa.1972), rev'd on other grounds 474 F.2d 1246 (3rd Cir. 1973), cert. den. 412 U.S. 950, 953, 93 S.Ct. 3014, 3003, 37 L.Ed.2d 1003, 1006. It is unclear from the Lindenbaum affidavit whether Mr. Mitchell merely 1) relied upon Mr. Lindenbaum's judgment or 2) actually "authorized" the application after being presented in more detail, albeit telephonically, with the proposed affidavit, application and order, in addition to any recommendation. It should also be noted that 18 U.S.C. § 2516 anticipated this type of situation—the absence of the attorney general—by providing for the making of such authorizations by specially designated assistant attorneys general.

With respect to the "waiver" issue, it should be noted that at the time of the petitioner's trial and appeal there existed pre-*Giordano* case-law concerning the ground presently asserted. 18 U.S.C. § 2518(10)(a) provides in pertinent part as follows:

"Any aggrieved person . . . may move to suppress the contents of any intercepted wire or oral communication . . . on the grounds that

"(i) the communication was unlawfully intercepted;

. . . . . .

Such motion shall be made before the trial, hearing, or proceeding unless there was no opportunity to make such motion or the person was not aware of the grounds of the motion."

See United States v. Giordano, 416 U.S. 505, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974); Davis v. United States, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973). In my judgment, the petitioner has yet to demonstrate that he did not knowingly waive his statutorily created right to object to the admission of the electronic surveillance evidence on the ground presently asserted.

No resolution will be made at this time on the merits of this petition. Within 30 days from the date of this order, the petitioner is invited to submit to this court and to opposing counsel affidavits and briefs addressed to the issue of waiver. Within the same time period, the respondent is invited to supply this court and to opposing counsel with additional affidavits and briefs describing in detail the nature of the telephonic authorization procedure challeged herein and discussing the legal sufficiency thereof. An evidentiary hearing has not been scheduled at this time but may be set if consideration of the new submissions leaves the court in need of further comment from counsel.