UNITED STATES of America,
Plaintiff-Appellee,

v.

Gerald Hay KILGORE and Sam Green,
Defendants-Appellants.

No. 71–3559.

United States Court of Appeals,
Fifth Circuit.

Sept. 2, 1975.

Rehearing and Rehearing En Banc
Denied Dec. 12, 1975.
See 524 F.2d 957.

James Edward Green, Van Nuys, Cal., for Kilgore.

E. David Rosen, Miami, Fla., for Green.

Robert W. Rust, U. S. Atty., Miami, Fla., Sidney M. Glazer, John J. Robinson, Attys., Dept. of Justice, R. H. Wallace, Appellate Section, Crim. Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before RIVES, GEWIN and GOLD-BERG, Circuit Judges.

GOLDBERG, Circuit Judge:

Kilgore and Green were convicted by a jury of conspiring to violate and of violating 18 U.S.C. § 1952, which prohibits the use of a facility in interstate commerce for gambling activity. The evidence was that Kilgore had transmitted information by telephone from California to Green in Florida. Green then transmitted this information to local bookmakers. The evidence was presented at trial in the form of recordings of the conversations which had been intercepted by federal agents. The defendants had moved to suppress these recordings, alleging that there were illegalities committed in the application for the wiretap order and in its execution. After the trial judge struck references to a prior wiretap from both the application and the affidavit, he still found that sufficient probable cause remained in the application and supporting affidavit to uphold the order allowing the wiretap, that the application was sufficient in its other respects and that the wiretap had been carried out legally. On this basis he refused to suppress the evidence gathered through the interception.

Kilgore and Green appeal their conviction, alleging that their trial was illegally infected by the trial judge's refusal to suppress the recordings. We believe that the trial judge made the right decision and therefore affirm the conviction. We will limit our discussion to three issues raised by appellants, since the other points they raise are without merit.

A. *Authorization for the Application for a Wiretap:*

In *United States v. Giordano*, 1974, 416 U.S. 505, 94 S.Ct. 1820, 40 L.Ed.2d 341, and *United States v. Chavez*, 1974, 416 U.S. 562, 94 S.Ct. 1849, 40 L.Ed.2d 380, the Supreme Court said that *only* the United States Attorney General or an Assistant Attorney General may authorize a federal agent to apply to a judge for a wiretap order in order to comply with 18 U.S.C. § 2516(1), which provides that the Attorney General or an Assistant may give the authorization. A memorandum submitted by the government, allegedly initialled by then Attorney General John Mitchell, indicates compliance with this requirement in the instant case. The memorandum to an Assistant Attorney General reads in part: "Pursuant to the power conferred on me by Section 2516 of Title 18, United States Code, you are hereby specially designated to exercise that power [to authorize an application] for the purpose of authorizing William L. McCulley to make the above-described application." The Government also submitted an affidavit

from Sol. Lindenbaum, the Executive Assistant to the former Attorney General, in which he says that Mitchell approved the request to make application for an interception and that the initials on the memorandum are those of Mitchell.

The appellants contend, however, that these pieces of evidence are not enough to show compliance with 18 U.S.C. § 2516(1). They try to distinguish *Chavez* on the ground that Mitchell himself submitted an affidavit there, which indicated that he had approved the application, whereas here we only have an affidavit from his assistant.

■ But the statute does not require that the Attorney General both actually approve the application *and* provide the courtroom evidence that he gave the approval. Resolution of the evidentiary question which arises when the identity of the authorizing agent is contested is not covered by statutory guidelines. In the absence of a statutory mandate ordinary rules of evidence apply.

■ It is clear that under traditional rules of evidence the testimony of Lindenbaum as to the genuineness of Mitchell's initials is sufficient to admit the Mitchell memorandum to prove that the Attorney General authorized the application:

[I]t is generally held that anyone familiar with the handwriting of a given person may supply authenticating testimony in the form of his opinion that a writing or signature is in the handwriting of that person. Adequate familiarity may be present if the witness has seen the person write, or if he has seen writings *purporting* to be those of the person in question under circumstances indicating their genuineness. Examples of the latter situation include instances where the witness has . . . been present in an office or other place where genuine writings of a particular person in the ordinary

course of business would naturally be seen.

McCormick on Evidence § 221 (2 ed. 1973). *See also* Federal Rule of Evidence 901(b)(2); *Paccon, Inc. v. United States*, 1968, 399 F.2d 162, 185 Ct.Cl. 24.

■ Lindenbaum, by his status as Executive Assistant to the Attorney General, established a prima facie case of familiarity with documents that the Attorney General would have initialled. His reliability was not contested by the appellants. Thus he is competent to prove the fact that Mitchell initialled the authorization. While here the verification came by way of affidavit and not direct testimony, the appellants made no objection to that procedure below.

■ We therefore believe that the evidence that Mitchell himself authorized the application was sufficient and that the trial judge did not have to suppress the wiretap results on this basis. We note too that the same result has been reached by two other Circuits in which the evidence presented was an authorization purportedly signed by Mitchell together with a verifying affidavit from Lindenbaum. *See United States v. Brick*, 8 Cir. 1974, 502 F.2d 219; *United States v. Martinez*, 6 Cir. 1974, 498 F.2d 464.

B. *Identification of Suspect Parties in the Application* :

Appellants contend that the application to the judge for a wiretap order was deficient in that 18 U.S.C. § 2518(1)(b)(iv) was violated. That section requires that the application supply "the identity of the person, if known, committing the offense and whose communications are to be intercepted," and also says "[e]ach order authorizing or approving the interception of any wire or oral communication shall specify—(a) the identity of the person, if known, whose communications are to be intercepted."

In the present case, paragraph 3 of the application reads: "This application seeks authorization to intercept wire communications of Samuel Green and others as yet unknown concerning offenses enumerated in Section 2516 of Title 18, United States Code . . . .". The appellants contend that the Government suspected that it would be intercepting communications from Kilgore but only mentioned Green and "others yet unknown".

The question of whether suspected parties aside from those whose communications are sure to be intercepted must be identified has been considered by this Court, sitting en banc. We have decided that the failure to name such an intercepted party would not invalidate the wiretap where the intercepted party was not prejudiced by the failure to be so named. In *United States v. Doolittle*, 5 Cir. 1975, 507 F.2d 1368, aff'd en banc, we said:

> The wiretap authorization referred to "Billy Cecil Doolittle and others as yet unknown." Anderson and Baxter contend that the Government had reasonable cause to believe that their conversations would be intercepted. Relying on certain language in the Supreme Court's opinion in [*United States v. Kahn*, 1974, 415 U.S. 143, 94 S.Ct. 977, 39 L.Ed.2d 225] they argue that, not being "unknown," they should have been named in the authorization. They contend that since they were not named, the wiretap order was illegal as to their conversations. The same argument could be made for Sanders. We reject this argument. The defendants neither allege nor demonstrate any prejudice to them in not being named in the authorization. The Government contends that its agents had personal knowledge, as opposed to information, to support probable cause as to illegal activity only of Doolittle, the co-owner of the Sports-

man's Club, the establishment wherein the telephones were located and to which the telephone bills were sent. All defendants received an inventory of the intercepted conversations, were allowed to listen to the tapes and received transcripts of the conversations prior to use against them at trial, as if they had been named in the order. Most of the conversations of each defendant were with Doolittle, the person named in the order. There is no indication of bad faith or attempted subterfuge by the Government in its wiretap application. The application and affidavit delineated specifically the information expected to be gathered from the tap. We hold there was substantial compliance with the requirements of the Act, and that the failure to name other defendants does not render the evidence obtained as to them inadmissible under 18 U.S.C.A. § 2518(10)(a).[1]

507 F.2d at 1371–72 (footnote added).

■ Here, too, defendants were given an inventory of intercepted conversations, could listen to the tapes and were given transcripts of them. In the recorded conversations at issue, Kilgore spoke to Green, who was named in the wiretap order. There is no indication of bad faith by the Government in its application. The Government here may have had probable cause to name Kilgore in the application, but the Government had probable cause as to the unnamed defendants in *Doolittle* —though by information rather than personal knowledge—and yet there we upheld an application which did not mention these other defendants. Finally, the application and the affidavit specifically delineated what information the Government expected to gather from the wiretap. This issue therefore falls squarely in the shadow of the resolution in *Doolittle* and provides no grounds for reversal.

---

1. Section 2518(1)(a) is the section which gives standing to a party claiming to be aggrieved to challenge alleged violations on the previous statutory sections, including § 2518(1)(b)(iv).

**500**

C. *Identification of Previous Wiretaps in the Application*:

 Under 18 U.S.C. § 2518(1)(e) the government's application must give "a full and complete statement of the facts concerning all previous applications known to the individual authorizing and making the application [to intercept] . . . communications involving any of the same persons . . .". In the present case the application indicated that the Government had previously tapped Kilgore's telephones in California and that this interception had produced evidence of conversations between Kilgore and Green. Appellants contend that the application did not sufficiently detail the contents of the California interception and did not mention at all a Georgia interception in which conversations between a third party and Kilgore had been picked up. The short answer to this complaint is that the statute does not require what the appellants say is lacking. The application must give a statement of the facts about all previous applications involving the same parties. Here the statement about the California interception sufficiently detailed the circumstances of that wiretap and disclosed that conversations with Green were overheard. The statute does not require a fully detailed statement about the contents of the interception although, of course, a judge may require such additional facts before granting an order. There was no statement about the Georgia interception, but that interception only peripherally involved Kilgore. The Georgia application was made in reference to a third party without cause to believe Kilgore would also be overheard. During the course of intercepting that party's communications, agents heard some of his conversations with Kilgore. In the Georgia application the Government did not apply to intercept communications of the same persons—rather it applied to intercept conversations of a third party.

The conviction is therefore affirmed.

Affirmed.