Nashua District Court
No. 7270

STATE OF NEW HAMPSHIRE

v.

PHILIP J. ROWMAN & a.

January 31, 1976

*Warren B. Rudman,* attorney general, and *Edward N. Damon,* attorney *(Mr. Damon* orally), for the State.

*Leonard, Gall, Prunier, Mazerolle & Shapiro (Mr. Jeffrey H. Mazerolle* orally) for the defendants.

KENISON, C.J. This case involves the interpretation and constitutionality of RSA 570-A:9, Procedure for Interception of Wire or Oral Communications. The attorney general over a period of six months obtained nine court orders authorizing wiretaps of telephones in Nashua and Litchfield. As a result of the investigation, one hundred and sixty-two complaints were filed charging twenty-three defendants either with gambling or with conspiracy to commit the crime of gambling or with both. RSA 647:2, 629:3. Various defendants filed motions to suppress evidence obtained from the wiretaps. After a hearing and the submission of briefs, the Nashua District Court *(Harkaway,* J.) ruled that the applications for the three court orders involved in this appeal all met the requirements of RSA 570-A:9 I (c); and further ruled that one of the three applications met the requirements of RSA 570-A:9 I (e), but that the other two did not. The court reserved and transferred the defendants' exceptions to the rulings that denied motions to sup-

press and the State's exceptions to the rulings that granted motions to suppress. RSA 570-A:9 IX. The court also reserved and transferred the question of the constitutionality of RSA 570-A:9 in view of the failure of that section to provide for post-surveillance notice of the wiretap to persons whose communications had been intercepted.

There were nine applications and court orders for interception of telephone communications. The arguments in this court relate only to the orders of March 22, April 17, and May 7, 1974. As the decision of the issues raised under RSA 570-A:9 I (c) and (e) requires consideration of the particular facts of each application, this decision determines the validity of those three orders only.

RSA 570-A:9 I (c) requires that each application for an order authorizing the interception of a wire or oral communication include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." The court must find the existence of one of these circumstances as one of the prerequisites for entering an interception order. RSA 570-A:9 III (c). These provisions are identical to the comparable provisions of the federal statute. 18 U.S.C.A. § 2518 (1) (c), (3) (c). The defendants contend that the attorney general, who filed the application, failed to establish the necessity for the wiretaps under RSA 570-A:9 I (c). They place particular reliance on *United States v. Kalustian*, (9th Cir., August 4, 1975), digested at 17 Crim. L. Rptr. 2428 (1975).

In *Kalustian* the court stated: "The affidavit does not enlighten us as to why this gambling case presented any investigative problems which were distinguishable in nature or degree from any other gambling case. In effect the Government's position is that all gambling conspiracies are tough to crack, so the Government need show only the probability that illegal gambling is afoot to justify electronic surveillance." (Amended slip opinion, pp. 5-6). The court suppressed the evidence gained from electronic surveillance. *Cf. United States v. Kerrigan*, 514 F.2d 35 (9th Cir. 1975). Other federal courts have taken a less stringent view of the requirement of 18 U.S.C.A. § 2518 (1) (c). *United States v. Bobo*, 477 F.2d 974, 982-83 (4th Cir. 1973); *United States v. Bynum*, 485 F.2d 490, 499-500 (2d Cir. 1973); *United States v. Pacheco*, 489 F.2d 554, 564 (5th Cir. 1974); *United States v. James*, 494 F.2d 1007, 1015 (D.C. Cir. 1974); *United States v. Brick*, 502 F.2d 219, 224 (8th Cir. 1974);

*United States v. Armocida,* 515 F.2d 29, 37-38 (3d Cir. 1975). *See also In re Dunn,* 507 F.2d 195 (1st Cir. 1974).

"[T]he boilerplate recitation of the difficulties of gathering usable evidence in bookmaking prosecutions is not a sufficient basis for granting a wiretap order." *United States v. Kerrigan,* 514 F.2d 35, 38 (9th Cir. 1975). A judge reviewing a wiretap application is handicapped without a showing why traditional investigative techniques are not sufficient in the particular case. *United States v. Kalustian,* (9th Cir. 1975). (Amended slip opinion, p. 6). If the trial judge considers it necessary, he should not hesitate to "require the applicant to furnish additional testimony or documentary evidence in support of the application." RSA 570-A:9 II.

The affidavits presented with the application, in an effort to establish probable cause under RSA 570-A:9 III (a), (b), and (d), show in detail the methods used by the police to uncover the crimes charged in the complaints. From these details the issuing judge could draw inferences as to the limits of these investigative techniques. In certain cases the affidavits show the likelihood of identifying unknown coconspirators. *State v. Lee,* 113 N.H. 313, 307 A.2d 827 (1973); *United States v. James,* 494 F.2d 1007, 1016 (D.C. Cir. 1974); *United States v. Armocida,* 515 F.2d 29, 38 (3d Cir. 1975). The superior court judge who authorized the interceptions could reasonably have concluded that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried." RSA 570-A:9 III (c).

RSA 570-A:9 I (e) requires that each application for an interception order include: "a full and complete statement of the facts concerning all previous applications known to the individual authorizing and making the application, made to any judge for authorization to intercept, or for approval of interceptions of, wire or oral communications involving any of the same persons, facilities or places specified in the application, and the action taken by the judge on each such application[.]" The federal statute contains an identical requirement. 18 U.S.C.A. § 2518 (1) (e). *See generally United States v. Bellosi,* 501 F.2d 833 (D.C. Cir. 1974); *United States v. Kilgore,* 518 F.2d 496, *petition for rehearing denied,* 524 F.2d 957 (5th Cir. 1975); *United States v. O'Neill,* 497 F.2d 1020 (6th Cir. 1974). The defendants contend that the applications and supporting affidavits in this case failed to report "all previous applications . . . involving any of the same persons" and also failed to include "a full and complete statement of the facts." The test for determining whether a previous application *involved* the same per-

son is whether the applicant had a duty under RSA 570-A:9 I (b) (iv) to name that person in the previous application. *Cf. United States v. Kilgore,* 518 F.2d 496, 500, *petition for rehearing denied,* 524 F.2d 957 (5th Cir. 1975); *United States v. Bernstein,* 509 F.2d 996, 1000 (4th Cir. 1975). Under subsection I (b) (iv) the applicant must identify all persons who he has probable cause to believe (1) are committing the offense and (2) will be overheard. *United States v. Kahn,* 415 U.S. 143 (1974); *United States v. Bernstein,* 509 F.2d 996, 1001-03 (4th Cir. 1975); *United States v. Moore,* 513 F.2d 485 (D.C. Cir. 1975).

By orders dated March 22, April 17, and May 7, 1974, Superior Court Judge Loughlin authorized wiretaps on three different telephones located at the Rowman residence. The district court denied the motion to suppress evidence secured under the March 22 order and granted the motions relating to the April 17 and May 7 orders. The investigation's first application for a court order involved the defendant Rowman within the meaning of RSA 570-A:9 I (e). It sought authorization to wiretap the telephone of the defendant Shubelka, and was granted on December 28, 1973. The supporting affidavit stated that an informer had reported that Shubelka associated with Rowman and that both were "well known to the Nashua Police Department for their involvement in illegal gaming activities." The investigation's fourth application which sought a tap on the home phone of the defendant Curtis also involved Rowman. This application was approved February 15, 1974. The supporting affidavit reported references to Rowman in conversations intercepted under the first order. These references indicated that Rowman was involved in illegal gambling activity with Shubelka and Curtis. The investigation's fifth application led to the order of March 22 authorizing the wiretap on one of Rowman's phones. The supporting affidavit reported conversations intercepted under the December 28 and the February 15 orders. The March 22 affidavit did not state that the December 28 and February 15 applications involved Rowman. Ordinarily, reports of conversations regarding Rowman or in which Rowman participated, which were intercepted under prior orders, would not be sufficient to inform the issuing judge that Rowman was a target of the prior applications. However, all applications in the present investigation were submitted to Superior Court Judge Loughlin. Although the March 22 affidavit is more a combination of clues than "a full and complete statement," it is sufficient to meet the requirement of RSA 570-A:9 I (e) when considered in the light

of Judge Loughlin's familiarity with the entire investigation. *See United States v. Kilgore,* 518 F.2d 496, 500, *petition for rehearing denied,* 524 F.2d 957 (5th Cir. 1975). By this reasoning the April 17 affidavit, which referred to the March 22 order, and the May 7 affidavit, which referred to the March 22 and April 17 orders, also met the requirements of RSA 570-A:9 I (e).

The defendants contend that the New Hampshire statute is unconstitutional because it fails to provide for notice of the electronic surveillance to persons who have been overheard. The federal statute provides for such notice. 18 U.S.C.A. § 2518 (8) (d). *See also* ABA Standards, Electronic Surveillance § 5.15 (Approved draft 1971). Two decisions of the United States Supreme Court bear on this issue. *Berger v. New York,* 388 U.S. 41, 60 (1967), held the New York wiretap authorization statute to be unconstitutional on its face, listing numerous defects in the New York statute. *Berger* must be read in light of the subsequent decision in *Katz v. United States,* 389 U.S. 347 (1967). *Katz* held that the electronic surveillance of the defendant in that case was subject to the fourth amendment's limits on searches and seizures. The Court held that the surveillance was unconstitutional for lack of a warrant and emphasized the safeguards inherent in the warrant procedure. Among those safeguards was the requirement that the police "after the search had been completed . . . notify the authorizing magistrate in detail of all that had been seized." 389 U.S. at 356. Read together *Berger* and *Katz* apply the fourth amendment's warrant requirement to electronic surveillance; they do not clearly hold that post-surveillance notice is a constitutionally required element of that procedure. *Cf.* Blakey and Hancock, *A Proposed Electronic Surveillance Control Act,* 43 Notre Dame Lawyer 657, 677 n.47 (1968). Lower federal courts have divided on the issue whether post-surveillance notice is constitutionally required. *Compare United States v. Chun,* 503 F.2d 533 (9th Cir. 1974) *and United States v. Bernstein,* 509 F.2d 996, 1000-01 (4th Cir. 1975) *with United States v. Cafero,* 473 F.2d 489, 499-500 (3d Cir. 1973) *and United States v. Whitaker,* 474 F.2d 1246 (3d Cir. 1973). Post-surveillance notice is a useful device for implementing the fourth amendment prohibition of unreasonable searches and seizures. *See* Monaghan, *The Supreme Court, 1974 Term – Foreword: Constitutional Common Law,* 89 Harv. L. Rev. 1, 2-3 (1975). But *Berger* and *Katz* only require judicial control of the initiation and execution of electronic surveillance, which the New Hampshire statute provides. RSA 570-A:9 III-V, VII. Therefore, the answer to the reserved question is: RSA ch. 570-A is

constitutionally valid notwithstanding the absence of required post-surveillance notice to persons whose communications have been intercepted.

> *The State's exceptions are sustained; the defendants' exceptions are overruled; remanded.*

All concurred.