UNITED STATES of America,
Plaintiff–Appellee,

v.

Damian BELTRAN, aka Fidel Lopez–
Beltran, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Cutberto Haro–Ramirez, aka Rosario,
aka Chayo, aka Beto, Defendant–
Appellant.

Nos. 00–50123, 00–50144.

D.C. Nos. CR–98–01059–DWW,
CR–98–01059–ABC.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 14, 2001.*

Decided March 29, 2001.

As Amended on Denial of Rehearing
May 30, 2001.

Before BEEZER, T.G. NELSON, and
BERZON, Circuit Judges.

MEMORANDUM **

We have jurisdiction under 28 U.S.C.
§ 1291, and we affirm.

---

* The panel unanimously finds this case suitable
for decision without oral argument. Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

I. *Beltran's Appeal* (No. 00–50123)

The district court found that Beltran participated in the drug transaction to make some money and that he was experienced in what he was doing. Based on its findings, the district court rejected the argument that Beltran was only a "mule" in this drug trafficking scheme and therefore was entitled to the minimal role reduction.[1] In light of our deferential review,[2] we cannot conclude that it erred in denying Beltran the minimal role reduction.[3]

II. *Haro–Ramirez's Appeal* (No. 00–50144)

A. *Motion to Suppress Wiretap Evidence*

■ Neither the Fourth Amendment nor 18 U.S.C. § 2518 requires that the Government establish probable cause as to each person named in a wiretap applica-

tion.[4] Thus, Haro–Ramirez's claim that the April 28, 1998, wiretap application failed to show probable cause as to him is irrelevant.

■ To the extent that Haro–Ramirez claims that there was no probable cause as to any person named in that application, he is wrong. Agent Gaffney, who had participated in over 500 narcotics investigations, submitted an affidavit in which he provided his interpretations of "coded" conversations[5] recorded by previous wiretaps, and we see no reason why the district court could not rely on those interpretations to find probable cause.[6] Moreover, the application was not based solely on these "decoded" conversations. As a result, there was a substantial basis for finding probable cause.[7]

---

1. Although courier status does not automatically entitle a defendant to the minimal role reduction, one who is solely a courier may be entitled to that reduction. *United States v. Davis*, 36 F.3d 1424, 1436 (9th Cir.1994).

2. A district court's finding that a defendant is not entitled to the minimal role reduction is reviewed for clear error. *United States v. Ladum*, 141 F.3d 1328, 1347 (9th Cir.1998).

3. We have denied minimal role reductions to defendants who were couriers where some additional factor showing that they were not minimal participants existed. *Davis*, 36 F.3d at 1436–37 (defendant not entitled to reduction where he knew that he was carrying drugs and was prepared to accept compensation in return).

Moreover, the sentencing guidelines state that the minimal role reduction should be used infrequently. USSG § 3B1.2, comment. (n.2).

4. *United States v. Martin*, 599 F.2d 880, 884–85 (9th Cir.1979), *overruled on other grounds*, *United States v. DeBright*, 730 F.2d 1255, 1258 (9th Cir.1984) (en banc). It is sufficient that the applicant establish probable cause as to any individual named in the application; the applicant can then name others who are

expected to converse on the tapped line, even though probable cause as to them ultimately may not be found. *Id.*

5. We do not reach Haro–Ramirez's claim that the affidavit supporting the wiretap application may have relied on inaccurate translations of conversations conducted in Spanish, because that claim was not raised before the district court. Had he wished to challenge the English translation, he could have done so in the motion to suppress, pursuant to *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), as with any challenge to the factual basis supporting a wiretap order.

6. In fact, Agent Gaffney referred to conversations where such distinctive phrases are used that, in light of what he already knew, those conversations cannot be reasonably explained as concerning anything other than illicit activity.

7. As to the remaining wiretap orders, Haro–Ramirez claims, for the first time in his reply brief, that there was insufficient probable cause to support them. We deem those claims waived.

Nor did the district court abuse its discretion in concluding that the April 28, 1998, wiretap order was necessary.[8] The Government's investigation had been ongoing for months, and Agent Gaffney had reason to believe that because the Government lacked the identity of many of the targets, evidence already produced would not support the convictions sought.[9] Further, Agent Gaffney detailed reasons for his conclusion that other investigative procedures seemed unlikely to lead to information supporting a conviction.[10]

### B. *Rule 33 Motion*

 Haro–Ramirez's evidence that his attorney failed to notify him of the Government's plea bargain is material to whether his attorney was effective or not, but not to the issues involved at his trial. Moreover, this evidence in no way indicates that a new trial would probably produce an acquittal. For these reasons, Haro–Ramirez's evidence of ineffective assistance of counsel, even if unknown to him at the time of the trial, cannot support a Rule 33 motion based on newly discovered evidence.[11] As a result, Haro–Ramirez had only seven days to file his motion for a new trial.[12] Because he filed it five months after the jury verdict, the district court was correct to find that it did not have jurisdiction to hear his claims of ineffective assistance of counsel.[13]

### C. *Apprendi* Error

Contrary to what Haro–Ramirez alleges, the indictment did specify the exact quantity of cocaine that he distributed. Thus, even if we assume that drug quantity is an

**8.** We review the district court's determination of necessity for an abuse of discretion. *United States v. Brone,* 792 F.2d 1504, 1506 (9th Cir.1986).

**9.** *Cf. United States v. Kerrigan,* 514 F.2d 35, 38 (9th Cir.1975). In particular, his affidavit states that because extensive law enforcement activities did not produce any confidential informants, there was no usable testimony. Haro–Ramirez argues that this statement misled the district court into believing that DEA agents had actually searched for informants before making the application, when, in fact, they did not do so. If that allegation had been raised, the district court would have been required to determine the true facts and rely only on the credible evidence produced at the suppression hearing. *United States v. Carneiro,* 861 F.2d 1171, 1176 (9th Cir.1988). However, the motions to suppress did not raise this argument; as such, the district court had no opportunity to evaluate the truthfulness of such an allegation, and thus, we do not address this argument.

**10.** *Brone,* 792 F.2d at 1506 (where traditional investigative procedures have not been employed, the affidavit "must set out a factual background that shows that ... [such] procedures, employed in good faith, would likely be ineffective in the particular case").

As to the remaining wiretap orders, Haro–Ramirez claims, again for the first time in his reply brief, that there was no showing of necessity. We deem those claims waived. In any event, Haro–Ramirez does not support his argument with any reference to the Government's applications for these orders, and thus, there is no reason to disturb the district court's finding of necessity as to them.

**11.** "[N]ewly discovered evidence 'must be material to the issues involved [at trial] ... and must indicate that a new trial probably would produce an acquittal.'" *United States v. Hanoum,* 33 F.3d 1128, 1130 (9th Cir.1994) (fact that attorney never tried to contact key witnesses identified by defendant, even if unknown to defendant at time of trial, was not material to innocence or guilt and thus could not support Rule 33 motion based on newly discovered evidence).

**12.** Fed.R.Crim.P. 33.

**13.** As a result, the district court did not abuse its discretion in refusing to grant Haro–Ramirez's request for an evidentiary hearing regarding his claim of ineffective assistance of counsel.

We note that Haro–Ramirez's newly discovered ineffective assistance of counsel claim may be raised in a habeas corpus petition. *See Hanoum,* 33 F.3d at 1131.

element of a 21 U.S.C. § 841 offense under the reasoning in *Apprendi v. New Jersey,*[14] there was no Fifth Amendment violation here.

■ Moreover, there was "overwhelming" evidence establishing the quantity of drugs confiscated by the police, and Haro–Ramirez never challenged, on appeal or at the district court, that quantity. Thus, assuming that drug quantity is an element of a § 841 offense, the failure of the jury to find drug quantity beyond a reasonable doubt did not "seriously affect the fairness, integrity or public reputation of judicial proceedings."[15] As a result, we will not notice that error.[16]

Finally, the district court sentenced Haro–Ramirez to just under sixteen years' imprisonment. This term is less than the twenty-year prescribed statutory maximum to which Haro–Ramirez was subject under the facts as found by the jury.[17] Thus, although the district court's determination of quantity for purposes of sentencing was error under *Apprendi,* Haro–Ramirez was not prejudiced by that error.[18]

AFFIRMED.

---

14. 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)

15. *See Johnson v. United States,* 520 U.S. 461, 469, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (quotation marks and alteration omitted) (failure to submit "materiality" to the jury in a perjury prosecution did not "seriously affect the fairness, integrity or public reputation of judicial proceedings" where evidence of "materiality" was "overwhelming" and defendant presented no evidence to the contrary).

16. Because Haro–Ramirez raises this claim for the first time in his petition for rehearing, we review it for plain error. *United States v. Snider,* 957 F.2d 703, 706 n. 1 (9th Cir.1992). Before we can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). If all three conditions are met, we may then exercise our discretion to notice a forfeited error, but only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotation marks omitted).

17. *See* 21 U.S.C. § 841(b)(1)(C).

18. *United States v. Garcia–Guizar,* 234 F.3d 483, 488–89 (9th Cir.2000).

