**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ivory Ruth GEIGER,
Defendant–Appellant.**

No. 89–1429
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 20, 1989.

T. Bradley Cates, Waco, Tex. (court-appointed), for defendant-appellant.

LeRoy Morgan Jahn, Philip Police, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before REAVLEY, KING and JOHNSON, Circuit Judges.

REAVLEY, Circuit Judge:

Defendant Ivory Ruth Geiger appeals a sentence imposed after she entered a guilty plea for distribution of "crack" cocaine within 1000 feet of an elementary school, in violation of 21 U.S.C. §§ 841(a)(1), 845a. While the defendant claims that the district court erred in making an upward departure from the Sentencing Guidelines ("Guidelines"), we find the sentence was within the court's discretion and affirm.

## I.

On October 22, 1988, an undercover agent approached Geiger at a housing project within 1000 feet of an elementary school in Temple, Texas and negotiated the purchase of "crack" with food stamps. Geiger agreed to the sale and at her request Geiger's son and co-defendant, Archie Geiger, gave the agent 0.46 grams of "crack" in exchange for $200 in food stamps.

Subsequent to indictment, Geiger entered a guilty plea to the charge of distributing "crack" within 1000 feet of a school, 21 U.S.C. §§ 841(a)(1), 845a, and the government dismissed two additional charges, conspiracy to possess "crack" cocaine with the intent to distribute, 21 U.S.C. § 846, and unlawful acquisition and possession of food stamps, 7 U.S.C. § 2024(b). She was then sentenced to 120 months imprisonment, six years supervised release, a $1000 fine, and a $50 special assessment. Geiger filed this timely appeal, claiming that the district court made an impermissible upward departure from the Guidelines.

## II.

At the time the instant offense was committed, Geiger was on probation for a prior conviction and on bail for pending drug charges. Her criminal history consists of four prior convictions for drug offenses and one conviction for gambling. Based on these convictions Geiger would have qualified as a career offender, but did not because three of the drug convictions were consolidated for one sentence. Her criminal record was thus computed to be Criminal History Category III. *See* U.S. Sentencing Commission, *Sentencing Guidelines Manual*, § 4A1.1(c), (d) (Oct. 15, 1988) [hereinafter *Sentencing Guidelines*]. The base offense level is 16, but was adjusted to 14 for acceptance of responsibility. *Id.* §§ 2D1.1(a)(3), 2D1.-3(a)(2)(B), 3E1.1. According to the Guidelines, the appropriate imprisonment range is 21 to 27 months. *See id.* § 5C2.1, Sentencing Table.

The district court made an upward departure from the Guidelines by imposing a sentence of 120 months. We are bound to uphold a sentence unless it was " 'imposed in violation of law,' or was 'imposed as a result of an incorrect application of the sentencing guidelines,' or was 'outside the range of the applicable sentencing guideline, and is unreasonable.' " *United States v. Buenrostro*, 868 F.2d 135, 136 (5th Cir. 1989) (quoting 18 U.S.C. § 3742(d), (e)).

An upward departure is permissible if aggravating circumstances are present that are not adequately taken into consideration by the Guidelines. *United States v. Roberson*, 872 F.2d 597, 601 (5th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989); 18 U.S.C. § 3553(b); *Sentencing Guidelines* § 5K2.0. While a sentencing court has broad discretion in departing from the Guidelines, it must explain why the departure is justified by the policies underlying the Guidelines. *United States v. Rivera*, 879 F.2d 1247, 1254–55 (5th Cir.1989); *Roberson*, 872 F.2d at 601. A sentencing judge need not "incant the specific language used in the guidelines" to explain an upward departure. *United States v. De-Luna–Trujillo*, 868 F.2d 122, 124 (5th Cir. 1989). A court is only required to "identify clearly the aggravating factors and its reasons for connecting them to the permissible grounds for departure...." *Id.*

Geiger claims that the imprisonment term should be rejected on two grounds: (1) because the upward departure was based on factors already taken into account

by the Guidelines; and (2) because the district court failed to enumerate its reasons for the upward departure. The district court made the following statements during the sentencing hearing:

I ... agree with the probation officer, that this is one of those cases ... where [a substantially] upward departure would be appropriate, because of the fact that the previous convictions are treated as one when, had they not been, the Defendant would be subject to being treated as a career offender with an extremely high guideline range....

The court imposed the sentence stating,

Based on the fact that the Court finds the guidelines do not properly consider the severity of the criminal behavior in this case, the fact ... that [Geiger was] both on probation and on bail when [she] committed this very serious offense, the Court will sentence [her] to a period of incarceration of 120 months.

■ It is apparent from the court's statements during the sentencing hearing that the upward departure was based primarily on the fact that the criminal history category did not accurately reflect the seriousness of Geiger's previous criminal conduct. This is a factor not taken into account by the Guidelines and is a permissible justification for upward departure. *See Rivera*, 879 F.2d at 1255; *Roberson*, 872 F.2d at 606–07; *United States v. Fisher*, 868 F.2d 128, 129–30 (5th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 111, 107 L.Ed.2d 73 (1989); *Sentencing Guidelines* § 4A1.3. We find this reason was adequately articulated in the record and the upward departure therefore justified.

■ Geiger further argues that if the decision to depart is upheld, the 120–month sentence should be rejected as an unreasonable and impermissible departure. We find this contention equally without merit. While a district court must identify the reasons for an upward departure, the precise length of the sentence need not be justified. *See Roberson*, 872 F.2d at 607. As the imprisonment term is well below the statutory maximum of 40 years, the sentence is AFFIRMED.