**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kelvin Treavaughn DAVIS, Defendant–Appellant.**

**No. 89–6194.**

United States Court of Appeals, Tenth Circuit.

Dec. 28, 1990.

Timothy D. Leonard, U.S. Atty., and James F. Robinson, Asst. U.S. Atty., Oklahoma City, Okl., on the brief, for plaintiff-appellee.

Joseph Strealy of Schnetzler and Strealy, Oklahoma City, Okl., on the briefs, for defendant-appellant.

Before ANDERSON and BRORBY, Circuit Judges, and PARKER, District Judge.[*]

PARKER, District Judge.

Upon initial consideration of this case we rejected the appellant's contentions that, when the trial court imposed sentence under the United States Sentencing Guidelines on appellant's guilty plea, the court erred in considering the quantity of drugs involved and in basing a finding as to the quantity of drugs on statements of appellant's co-defendants. 912 F.2d 1210. Appellant also challenged the sentence on the ground that the District Court had not explained the extent of departure above the sentencing guideline range. As to that argument, we determined that the sentencing judge had articulated sufficient reasons warranting an upward departure and that the findings underlying the decision to depart upward were not clearly erroneous. However, we were unable to determine from the record the reasons for the degree of departure above the guideline range. A sentencing judge must explain not only the reasons for departing upward, but also the reasons for the magnitude of the upward departure. *United States v. Harris*, 907 F.2d 121, 123 (10th Cir.1990); *United States v. Gardner*, 905 F.2d 1432, 1437 (10th Cir.1990). Consequently, we retained appellate jurisdiction, but requested the sentencing judge to explain the reasons for the extent of departure.

The sentencing judge filed a Memorandum Opinion setting forth, in detail, his reasoning relating to the extent of departure. The sentencing judge pointed out that the defendant entered a plea to a violation of 21 U.S.C. § 856(a)(1), opening or maintaining a place for manufacturing or distributing cocaine base, for which the base offense level under the sentencing guidelines was 16. U.S.S.G. § 2D1.8. The sentencing judge found that as a part of that offense defendant had been involved in distribution of thirty-six ounces of cocaine base. If the defendant had been convicted of a charge of distribution of thirty-six ounces of cocaine base, the offense level, after allowing all applicable credits, would have been 34 and would have resulted in a guideline range of 151–188 months in view of the appellant's criminal history. The sentencing judge believed that a sentence within the 151–188 month range would have been appropriate. The sentencing judge explained, however, that there were a number of mitigating factors which offset the aggravating factor of the large quantity of drugs. Those mitigating factors included appellant's very young age, problems resulting from peer pressure decisions, and appellant's continuous involvement in mental health counseling over a protracted period. After balancing the aggravating factor and the mitigating factors, the district judge determined that an imprisonment sentence of thirty-six months was sufficient to satisfy the statutory purposes of sentencing.

[*] The Honorable James A. Parker, United States District Judge for the District of New Mexico, sitting by designation.

618

In summary, the district judge articulated the method he used to determine the magnitude of upward departure—drawing an analogy to the offense level for an offense he believed to be more representative of appellant's conduct and then balancing aggravating and mitigating factors.

The sentencing judge has now adequately explained how he arrived at the point of upward departure and, based on those explanations, we find that the degree of upward departure was reasonable.

The judgment of the District Court is, therefore, in all respects, AFFIRMED.