**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**C.W. FIELDS, a/k/a William T.
Neilley, Defendant–Appellant.**

**No. 90–4375
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 29, 1991.

Clyde M. Siebman, Sherman, Tex. (Court-appointed), for defendant-appellant.

H.S. Garcia, Asst. U.S. Atty., Sherman, Tex., Bob Wortham, U.S. Atty., Beaumont, Tex., for plaintiff-appellee.

Before JOHNSON, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

JOHNSON, Circuit Judge:

Defendant C.W. Fields is a convicted felon who was found guilty by a jury of possessing a firearm and of making a false statement in the acquisition of a firearm. The trial court imposed a sentence of 17 years. Fields appeals, raising several objections to both his conviction and sentence. Finding no error, this Court will affirm the judgment of the district court.

## I. FACTS AND PROCEDURAL HISTORY

In April 1988 C.W. Fields, an oft-convicted felon,[1] purchased a Smith & Wesson .38 caliber revolver at the Army/Navy store in McKinney, Texas. Fields purchased the gun with a forged check, and indicated on the Firearms Transaction Record that accompanied the sale that he had never been convicted of a felony. As a result of this transaction Fields was indicted on one count of possession of a firearm and one count of making a false statement in the acquisition of a firearm, in violation of 18 U.S.C. §§ 922(a)(6), 922(g)(1).[2] Fields pled not guilty, but was convicted by a jury on both counts. A presentence report was prepared, to which Fields made no objections. The trial judge imposed a sentence of 17 years. Fields timely appeals.

## II. DISCUSSION

### A. *Admissibility of Fields' Prior Forgery Conviction*

Fields argues that his conviction is flawed because the trial judge erred by admitting into evidence Fields' previous conviction for forgery. In 1988 Fields was convicted in Texas state court of uttering a forged check in the name of William T. Neilley, drawn on the Willow Bend National Bank. The check used to purchase the revolver from the Army/Navy store in McKinney also bore the name William T. Neilley, and was drawn on the same bank. The Government sought to introduce into evidence the fact of this prior conviction, and a copy of the previously forged check, in order to prove Fields' identity—that is, to prove that it was Fields who had passed the false check to purchase the revolver.

Federal Rule of Evidence 404(b) provides that evidence of past crimes is admissible to prove identity. The standards for admitting evidence under Rule 404(b) are well settled. If the evidence is relevant to one of the proper purposes listed in Rule 404(b), and its probative value is not outweighed by any danger of undue prejudice, the evidence is admissible. *See United States v. Hopkins*, 916 F.2d 207, 218 (5th Cir.1990).

---

1. Fields has previously been convicted of twelve felony offenses, including attempted murder, aggravated robbery, burglary, theft, forgery, abuse of credit cards, and possession of controlled substances with intent to deliver.

2. § 922. Unlawful acts
   (a) It shall be unlawful
   * * * * * *
   (6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition ... knowingly to make any false or fictitious oral or written statement ... with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition....
   * * * * * *
   (g) It shall be unlawful for any person—
   (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;
   * * * * * *
   to ... possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

The trial court did not err by admitting the evidence. There can be no question that the evidence at issue here—Fields' conviction for forging a check in the same name and drawn on the same bank as the check used to purchase the revolver—was highly probative of Fields' identity as the purchaser of the revolver. Fields claims that admission of this prior conviction was unduly prejudicial, but he does not explain what it was about the conviction that was unduly prejudicial, and no undue prejudice is evident. Neither does Fields complain that the limiting instruction given to the jury was inadequate. The jury was told to consider the evidence solely as it related to the issue of the identity of the purchaser of the revolver, and the jury is presumed to have followed the instruction. *Marshall v. Lonberger*, 459 U.S. 422, 438 n. 6, 103 S.Ct. 843, 853 n. 6, 74 L.Ed.2d 646 (1983).

Fields also argues that the Government should have proved Fields identity differently, by means of a handwriting expert. This argument has no merit. While the Government may or may not have been able to adduce such testimony, it certainly was not required to do so. The law is well settled that the identity of handwriting need not be proved by expert testimony. Fed.R.Evid. 901(b)(2). *See also United States v. Kilgore*, 518 F.2d 496, 498 (5th Cir.1975), *cert. denied*, 425 U.S. 950, 96 S.Ct. 1724, 48 L.Ed.2d 193 (1976); 5 J.

Weinstein & M. Berger, Weinstein's Evidence ¶ 901(b)(2)[01] (1990).[3]

### B. *Enhancement of Fields' Sentence Under 18 U.S.C. § 924(e)(1)*

■ Although the offenses for which Fields was convicted carry maximum sentences of ten years in the case of § 922(g)(1) and five years in the case of § 922(a)(6), the trial judge sentenced Fields to seventeen years in prison, according to the provisions of 18 U.S.C. § 924(e)(1).[4] Fields complains that at trial the Government introduced proof of conviction of only one prior felony—the Government proved Fields' conviction for attempted murder, in order to show that he was in fact a convicted felon—and that at sentencing the Government did not introduce any further evidence of prior convictions. Thus, Fields argues, there was no "competent, credible, or admissible" evidence that he had committed three felonies, as required by § 924(e)(1).

Fields' argument is without merit. Fields acknowledges that it is the law of this Circuit that due to the prejudicial nature of such evidence, in most circumstances it is error to admit proof of more than one prior felony conviction for the purpose of proving that a defendant is a convicted felon. *See United States v. Quintero*, 872 F.2d 107, 111 (5th Cir.1989). Accordingly, if the sentence enhancement provisions of § 924(e)(1) are to be given

**3.** Fields also complains that his prior convictions for forgery and attempted murder were improperly admitted because they were not properly certified and because they conflict with information in the presentence report. Fields did not raise these objections at trial and did not make any objections to the presentence report. Accordingly, this Court reviews the district court's judgment on these questions only for plain error affecting a substantial right of the defendant. Fed.R.Evid. 103(a), (d). None of Fields' allegations rise to this level.

**4.** § 924. Penalties

\* \* \* \* \* \*

(e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more

than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

Although there was initially some question as to the nature of § 924(e)(1), it is now settled that this statute does not create a separate offense, but is merely a sentence enhancement provision. *United States v. Quintero*, 872 F.2d 107, 110 (5th Cir.1989); *United States v. Affleck*, 861 F.2d 97 (5th Cir.1988). Fields asks this Court to reconsider these holdings; it is the firm rule of this Circuit, however, that one panel cannot overturn the decisions of another. *E.g.*, *United States v. Eckford*, 910 F.2d 216, 220 (5th Cir.1990).

effect, the Government must be allowed to prove that the defendant has committed three felonies at the sentencing stage of the proceedings. The Government did so here, by means of the presentence report, which listed Fields' twelve prior felony convictions. Fields made no objection to the report. As a result, the report provided an adequate basis for the sentencing judge to determine that Fields had committed three prior felonies. *See United States v. Ruiz,* 580 F.2d 177, 177–78 (5th Cir.), *cert. denied,* 439 U.S. 1051, 99 S.Ct. 732, 58 L.Ed.2d 712 (1978) (unless defendant makes proper objection to presentence report, sentencing judge is entitled to rely upon its factual recitations).[5]

Finally, Fields complains that his sentence must be set aside because the sentencing court did not specify which three of his twelve felony convictions it was relying on in imposing an enhanced sentence under § 924(e)(1). This argument is patently frivolous; the district court made clear that it was relying on *all twelve* of Fields' prior convictions, which, the court noted, were four times the number required for the enhanced penalty provided by § 924(e)(1). These convictions were each set out in detail in the presentence report; if Fields had some argument as to why certain of his convictions could not support sentence enhancement under § 924(e)(1), his remedy was to object to the report.

## C. The Length of Fields' Sentence

■ Fields argues that under § 924(e)(1) and the federal sentencing guidelines it was error to impose a sentence of more than fifteen years. This argument too is without merit. Under the sentencing guidelines Fields had an adjusted offense level of 13 and a criminal history score of 39, which placed him in criminal history category VI. For such a defendant the guidelines specify a sentence ranging from 33 to 41 months. The guidelines also provide, however, that when the maximum sentence within the guideline range is less than a statutorily required minimum sentence, then the statutorily required minimum sentence shall be the guideline sentence. U.S.S.G. § 5G1.1(b). Since the maximum sentence in the guideline range was 41 months, and the minimum sentence called for by § 924(e)(1) is fifteen years (180 months), 180 months became the guideline sentence.

The trial judge departed upwards from this guideline sentence, imposing a sentence of 17 years, or 204 months. Fields contends that this was error. The law is well settled, however, that the sentencing judge has broad discretion to depart from a guideline sentence when the circumstances warrant. *United States v. Rivera,* 879 F.2d 1247, 1254 (5th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 554, 107 L.Ed.2d 550 (1989). A departure will be affirmed if 1) the judge provided acceptable reasons for the departure, and 2) the departure was reasonable. *See* 18 U.S.C. § 3742(e)(3), (f)(2); *United States v. Velasquez–Mercado,* 872 F.2d 632, 637 (5th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 187, 107 L.Ed.2d 142 (1989). Both of these requirements were met here. The district court gave an acceptable reason for departing from the guideline sentence, and the departure was reasonable.

The guidelines themselves acknowledge that a departure is in order when a defendant's criminal history score "does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3. *See also United States v. Harvey,* 897 F.2d 1300, 1305–

---

5. Fields contends that requiring a defendant to prove that the presentence report is incorrect would violate the due process clause of the Fifth Amendment. Whatever the merit of this argument, this Court need not address it. The fact is that Fields did *not* bear the burden of proving that he did not commit the felonies listed in the presentence report; his only burden was to point out to the court any of the reports' factual statements he believed to be incorrect. To the extent that Fields argues that obliging him even to make such an objection constitutes an impermissible burden, he argues without force. The procedure for objecting to the presentence report is set forth in Fed.R.Crim.Pro. 32(c); it is well settled that that procedure is constitutionally sound. *See United States v. Ruiz,* 580 F.2d at 177, 177 n. 1 (5th Cir.), *cert. denied,* 439 U.S. 1051, 99 S.Ct. 732, 58 L.Ed.2d 712 (1978).

06 (5th Cir.1990); *United States v. Geiger*, 891 F.2d 512, 513–14 (5th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1825, 108 L.Ed.2d 954 (1990); *Rivera*, 879 F.2d at 1255. This was precisely the reason given by the sentencing judge for imposing a sentence of seventeen years instead of the fifteen year minimum sentence. The sentencing judge also noted that Fields' twelve prior felonies were four times as many as necessary to invoke the sentence enhancement provisions of § 924(e)(1), and that each time Fields had been released on parole in the past he had promptly returned to criminal activity. In light of cases like *Harvey, Geiger*, and *Rivera, supra*, there can be little question that these reasons adequately justify an upward departure.

There also can be little question that the departure was reasonable. The sentencing judge added 24 months to a guideline sentence of 180 months; this Court has consistently upheld as reasonable departures as great or greater. *See, e.g., Harvey*, 897 F.2d at 1305–06 (guidelines recommended a sentence of 18 to 24 months; court upheld 60 month sentence imposed on the basis of defendant's excessively high criminal history score); *Geiger*, 891 F.2d at 513–14 (guidelines recommended a sentence of 21 to 27 months; court upheld 120 month sentence imposed because defendant's criminal history score did not adequately reflect seriousness of previous criminal conduct); *Rivera*, 879 F.2d at 1254–55 (guidelines recommended a sentence of 33 to 41 months; court upheld sentence of statutory maximum of 60 months imposed due to defendant's excessively high criminal history score).

Moreover, the sentence in this case was imposed under a specific statute which sets fifteen years as a *minimum* sentence; under § 924(e)(1), the maximum sentence a defendant can receive is life in prison. *United States v. Carey*, 898 F.2d 642, 644 (8th Cir.1990); *United States v. Williams*, 892 F.2d 296, 304 (3d Cir.1989); *United States v. Blannon*, 836 F.2d 843, 845 (4th Cir.), *cert. denied*, 486 U.S. 1010, 108 S.Ct. 1741, 100 L.Ed.2d 204 (1988); *United States v. Jackson*, 835 F.2d 1195, 1197 (7th Cir.), *cert. denied*, 485 U.S. 969, 108 S.Ct.

1244, 99 L.Ed.2d 442 (1988). If the sentencing scheme enacted by Congress in § 924(e)(1) is to be given effect—that is, if sentences of more than fifteen years are ever to be imposed—then the guidelines must be read to allow sentences in excess of fifteen years to be imposed in appropriate cases. Forbidding an upward departure from the guideline sentence of 180 months would have the effect of amending § 924(e)(1), rewriting it to provide not for a sentence ranging from fifteen years to life, but rather for a fixed sentence of fifteen years. Accordingly, if the standards for departure from a guideline sentence are met, as they are here, it is proper for the sentencing judge to depart from that sentence, even when the usual guideline range has been supplanted by a statutorily mandated minimum sentence.

### III. CONCLUSION

The judgment of the trial court is affirmed.

AFFIRMED.