**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael Ray HUDDLESTON,**
**Defendant–Appellant.**

No. 90–2428.

United States Court of Appeals,
Fifth Circuit.

April 11, 1991.

John H. Garcia, Houston, Tex. (court-appointed), for defendant-appellant.

Kathlyn G. Snyder, Paula C. Offenhauser, Asst. U.S. Attys., Ronald G. Woods, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before RUBIN, POLITZ, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge.

Appellant Huddleston contends that the district court erred in its calculation of his sentence under the sentencing guidelines, and that the government breached his plea agreement. We affirm.

## FACTS AND PROCEEDINGS IN THE DISTRICT COURT

Huddleston was indicted on six counts for his participation in the sale of stolen explosives. Huddleston and an accomplice, Jerry Stenger, offered to sell a large quantity of stolen explosives to two undercover Bureau of Alcohol, Tobacco and Firearms agents. To complete the sale, Huddleston and Stenger loaded twenty-eight cases of

explosives into a U–Haul trailer and transported them from Belton, Texas to Houston.

Huddleston pleaded guilty to conspiracy to deal in explosive materials[1] without a license and to receive and ship such materials knowing they were stolen in violation of 18 U.S.C. §§ 371, 842(a)(1), and 842(h) (Count I), and unlawful transportation and sale of stolen explosive materials in violation of 18 U.S.C. §§ 842(h), 844(a), and 2 (Count IV). The remaining counts were dismissed.

The district court, departing upward from the sentencing guidelines, sentenced Huddleston to sixty months' imprisonment followed by three years' supervised release on each count to run concurrently. This appeal followed.

## UPWARD DEPARTURE

■ Huddleston contends that the district court erred in determining that an upward departure of his sentence from the guideline range was appropriate. This Court has held that sentences that fall within the statutory limits,[2] even though constituting an upward departure from the guidelines, will not be disturbed absent a "gross abuse of discretion." *United States v. Juarez–Ortega*, 866 F.2d 747, 748 (5th Cir.1989). When departing from the guidelines, however, the district court must articulate reasons justifying the upward departure. *United States v. Murillo*, 902 F.2d 1169, 1172 (5th Cir.1990). If the reasons are "acceptable" and "reasonable," this Court will affirm. *United States v. Perez*, 915 F.2d 947, 948 (5th Cir.1990); *United States v. Mejia–Orosco*, 867 F.2d

216, 221 (5th Cir.), *cert. denied*, 492 U.S. 924, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989); *United States v. Velasquez–Mercado*, 872 F.2d 632, 637 (5th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 187, 107 L.Ed.2d 142 (1989). Precedent in this circuit does not, however, require that the district court give reasons for the extent of its departure. *United States v. Roberson*, 872 F.2d 597, 601 (5th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989); *United States v. Geiger*, 891 F.2d 512, 514 (5th Cir.1989); *United States v. Rogers*, 917 F.2d 165, 169 (5th Cir.1990).

■ The district court determined Huddleston's guideline sentencing range to be from twenty-seven to thirty-three months.[3] However, in departing upward from the guidelines, the district court specifically found:

[A]n upward departure in this case is warranted based on the fact that the offense level in this case does not adequately reflect the risk this offense represented in the community.

These explosives were being transported by the defendant in an unsafe manner through a populated area. A car wreck would have resulted in the detonation of these explosives, would have resulted in extensive property damage, and casualties.

The relevant section in this case 2K1.3, I believe, fails to take such a risk into consideration in determining the offense level. However, this does not preclude the court from taking reckless endangerment into consideration when determining an appropriate sentence.[4]

---

1. The record indicates that the explosives included Ireco Iremet—62 water gel explosives, Trojan No. 400H booster explosives, and Ireco Tamptite Unigel dynamite that was stolen by Richard Lewis Avey from the Odell Greer Construction Company. Avey then recruited Huddleston to facilitate the sale and transportation of these explosives.

2. Huddleston's convictions on Counts I and IV carried statutory maximums of five years and ten years, respectively.

3. Guideline § 2K1.3 provides for a base offense level of 6. That offense level was then properly

increased ten levels because, as a convicted felon, Huddleston was prohibited from receiving explosives pursuant to 18 U.S.C. § 842(i). Finally, a reduction in the offense level for acceptance of responsibility resulted in an offense level of fourteen. Based on this and a criminal history category of IV, a guideline range of 27 to 33 months resulted. USSC Ch. V, Part A (Sentencing Table).

4. The district court followed the recommendation of the presentence report. That report recommended an upward departure of seven offense levels. Huddleston's offense level would then be 21 with a resulting sentencing range of

Huddleston argues that the Sentencing Commission did consider the reckless endangerment possibilities of his action. Huddleston relies upon the background portion of application note 1 to section 2K1.3, which provides, "This section applies to conduct ranging from violations of a regulatory nature pertaining to licensees or persons otherwise lawfully involved in explosives commerce to more serious violations that involve substantial danger to public safety." While we concede that the commentary to section 2K1.3 suggests that the occasion of public risk was considered by the Sentencing Commission, we believe that the degree of that risk was not.

The phrase "substantial danger to public safety" without more does not advance the impression that the Commission adequately considered the spectrum of risk to life and property that could result from a violation governed by section 2K1.3. Our reading of section 2K1.3 suggests that the Commission did not contemplate the unique danger of improperly hauling explosives through residential areas.[5] We conclude that Huddleston's manner and route chosen for the transportation of explosives posed a risk to public safety that is "an aggravating ... circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b).

## BREACH OF PLEA AGREEMENT

■ Huddleston contends that the government violated his plea bargain by making inflammatory assertions to the district court through the presentence investigation report. The report stated:

The transportation of the explosive materials as carried by the defendants was extremely unsafe and represented a risk to the communities through which they traveled. An automobile accident could have caused a detonation of this material which, depending on the location, could have caused significant property damage and human casualty.

Huddleston argues that such a comment violates the government's agreement to recommend that he be sentenced at the low end of the sentencing guideline range. Huddleston relies on an Eleventh Circuit decision for the proposition that in determining whether the terms of the plea agreement have been violated, we must determine whether the government's conduct is consistent with what is reasonably understood by the defendant when entering a plea of guilty. *See United States v. Nelson*, 837 F.2d 1519, 1521–22 (11th Cir. 1988).

Applying that test it is not reasonable for Huddleston to believe that the government would withhold pertinent sentencing information from the judge. The plea bargain required only that the government recommend that appellant be sentenced at the low end of the sentencing guideline range. The government fulfilled that obligation.[6] Accordingly, we uphold the judgment of the district court.

AFFIRMED.

ALVIN B. RUBIN, Circuit Judge, concurring:

I agree that the Sentencing Commission did not "adequately" consider the degree of risk to public safety in § 2K1.3. If the Commission had, it would likely have provided for a specific enhancement as it did for other aggravating circumstances, such as the fact that Huddleston, as a convicted felon, was prohibited from receiving explosives.

Nothing in the district court's remarks, however, explains why the court thought it appropriate to impose a sentence nearly

---

57 to 71 months. The final recommendation was 60 months' imprisonment followed by three years of supervised release.

**5.** The record indicates that Huddleston and Stenger hauled the explosives from a residence in Belton, Texas to Houston. In Houston they made a diversion to Stenger's residence in an apartment complex before proceeding to the buy site, a Holiday Inn, located off Interstate 10.

**6.** The government recommended that Huddleston be sentenced at the low end of the sentencing guideline range in both the presentence investigation report and before the court at sentencing.

*double* the maximum allowable under the guidelines. The record discloses no indication that the risk of an explosion was substantial or that, even had there been an explosion, it necessarily or even probably would have harmed bystanders or caused major property damage. It seems to me to be inconsistent to conclude that the guidelines do not "adequately" consider the degree of harm, and then simply accept without reason that the degree of the district court's departure does.

Other circuits have required the district court to make some statement of its reasons.[1] As the majority opinion points out, however, the law of this circuit does not require the district court to do so;[2] and, therefore, bound by the law of the circuit, I concur.

---

**1.** *See United States v. Sasnett,* 925 F.2d 392, 398 (11th Cir.1991); *United States v. Davis,* 922 F.2d 616, 617 (10th Cir.1990).

**2.** *United States v. Roberson,* 872 F.2d 597, 607 (5th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct.

175, 107 L.Ed.2d 131 (1989); *United States v. Geiger,* 891 F.2d 512, 514 (5th Cir.1989); *United States v. Rogers,* 917 F.2d 165, 169 (5th Cir. 1990).