IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11437
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

PORFIRIO JOSE GARCIA,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CR-130-Y
- - - - - - - - - -

June 16, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

        Porfirio Jose Garcia appeals the district court's decision to depart upward in sentencing him for possession with intent to distribute marijuana and for being a felon in possession of a firearm.  The district court departed upward on the basis that Garcia's criminal history category did not adequately reflect the seriousness of his past criminal conduct or the likelihood that he would commit other crimes.  See U.S.S.G. § 4A1.3.  The information in the presentence investigation report (PSR)

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indicated that although Garcia was only 22 years old, he had a lengthy history of violent crimes and gang related criminal activity. The PSR noted that had Garcia's juvenile offenses been scorable, he would have been placed in a criminal history category of VI instead of III, with a guideline range of imprisonment of 77-96 months.

In light of the information in the PSR, the district court did not err in sentencing Garcia to 60 months of imprisonment on the possession charge, to run concurrently with 84 months of imprisonment on the firearm charge. See United States v. McDowell, 109 F.3d 214, 216 (5th Cir. 1997).

Garcia also argues that he did not receive sufficient notice prior to sentencing of the possibility of an upward departure. The PSR's reference to criminal history as a potential ground for upward departure satisfied the notice requirement. See United States v. Doucette, 979 F.2d 1042, 1047 n.4 (5th Cir. 1992).

AFFIRMED.