IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60079
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ALVALINE BAGGETT

Defendant - Appellant

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:00-CR-65-ALL-WN
- - - - - - - - - -
January 23, 2002

Before KING, Chief Judge, and HIGGINBOTHAM and JONES, Circuit
Judges.

PER CURIAM:[*]

Alvaline Baggett appeals from her jury-verdict conviction

for conspiracy to commit extortion and theft or bribery

concerning programs receiving federal funds. She argues that the

Government improperly failed to disclose a recorded interview

that she underwent and allegedly exculpatory evidence from a

Government informant. This court reviews alleged discovery

errors for an abuse of discretion and alleged Brady[1] errors de

novo. See United States v. Freeman, 164 F.3d 243, 248 (5th Cir.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[1] Brady v. Maryland, 373 U.S. 83 (1963).

1999); United States v. Doucette, 979 F.2d 1042, 1044-45 (5th Cir. 1992). Even if it is assumed that the Government had a duty to disclose such information and failed to do so, Baggett has failed to make a sufficient showing either that she was prejudiced by the nondisclosure of the interview or that the allegedly exculpatory evidence was material. See Kyles v. Whitley, 514 U.S. 419, 432-34 (1995); United States v. Arcentales, 532 F.2d 1046, 1050 (5th Cir. 1976). She has therefore failed to show reversible error as to the disclosure issues.

She next argues that the district court violated her Sixth Amendment right to compulsory process by denying her request for a writ ad testificatum in order to obtain the in-court testimony of a prison inmate. Although the trial court has wide discretion regarding matters arising under FED. R. CRIM. P. 17, whether the trial court's refusal violated her constitutional rights is a question of law that is reviewed de novo. See United States v. Soape, 169 F.3d 257, 267 (5th Cir. 1999). Baggett again fails to make the requisite showing of prejudice.

Baggett contends that the district court erred by admitting transcripts of recorded telephone conversations between a Government witness and herself. This court reviews the district court's decision to admit such evidence only for abuse of discretion. See United States v. Thompson, 130 F.3d 676, 683 (5th Cir. 1997). The transcripts at issue were stricken after the witness' authentication of them was determined to be faulty but were readmitted by stipulation. Baggett fails to show how

the district court abused its discretion by admitting the transcripts initially and fails to show how she was prejudiced by their initial admission.

Baggett also contends that the district court erred in determining the amount of benefit received or to be received for purposes of U.S.S.G. §§ 2C1.1(b)(2)(A) and 2F1.1(b)(1)(E). The district court's determination of such amount is a factual finding that is reviewable only for clear error. See United States v. Glinsey, 209 F.3d 386, 393 (5th Cir.), cert. denied, 531 U.S. 919 (2000). Because the amounts relied upon by the district court in calculating the total amount of benefit received or to be received were supported by the record, Baggett has failed to show that the district court's finding was clearly erroneous.

Baggett challenges the district court's denial of her motion for a new trial and/or judgment of acquittal on the grounds that the testimony of the Government's witnesses was not credible and that she lacked the requisite intent to extort or solicit money because she was unable to perform the function for which the money was received. This court will not review the credibility of the witnesses in the instant context. See United States v. Delgado, 256 F.3d 264, 273 (5th Cir. 2001); United States v. Dula, 989 F.2d 772, 778 (5th Cir. 1993). Furthermore, her inability to perform the bargained-for function does not negate the requisite intent element. See United States v. Millet, 123 F.3d 268, 274 (5th Cir. 1997).

Accordingly, the judgment of the district court is AFFIRMED.