IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10970
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIA ROMERO, also known as Comadre,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-239-4-A
--------------------
February 4, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Maria Romero appeals her 80-month sentence of imprisonment following her conviction after pleading guilty to distributing 73 pounds of marijuana and using a communications facility to facilitate a drug offense. Romero asserts that the district court erred in upwardly departing from the sentencing guidelines and that the extent of its departure was unreasonable.

A district court's decision to depart from the guidelines is given substantial deference and reviewed for an abuse of

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion. *See* <u>United States v. Ismoila</u>, 100 F.3d 380, 397 (5th Cir. 1996); <u>United States v. Hemmingson</u>, 157 F.3d 347, 361 (5th Cir. 1998). It will be affirmed on appeal if the district court offered acceptable reasons for departing and the extent of the departure was reasonable. <u>United States v. Ashburn</u>, 38 F.3d 803, 807 (5th Cir. 1994) (en banc). "An upward departure may be warranted...in the case of a defendant who did not organize, lead, manage, or supervise another participant [in criminal activity], but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization." U.S.S.G. § 3B1.1, comment. (n.2).

The district court did not abuse its discretion in upwardly departing from the sentencing guidelines in sentencing Romero. *See* <u>United States v. Milton</u>, 147 F.3d 414, 421 (5th Cir. 1998). The district court articulated that its upward departure was based on Romero's management role and U.S.S.G. § 3B1.1, comment. (n.2). The presentence report determined that Romero assumed responsibility for the marijuana distribution business, and the testimony at sentencing indicated that Romero was responsible for overseeing the operation of the criminal organization. Based on this information, the district court did not clearly err in finding that Romero exercised management responsibility over the property, assets, or activities of a criminal organization. *See* <u>Id</u>.

Furthermore, the extent of the district court's upward departure was reasonable. *See* <u>Id</u>. The departure enhanced Romero's 46-to-57-month guideline imprisonment range to the 78-to-97-month range that would have been applicable had she been deemed a

2

supervisor of extensive criminal activity.  *See* United States v. Lara, 975 F.2d 1120, 1126, n.6 (5th Cir. 1992) (approving departure sentences several times as long as the corresponding guideline sentences and encouraging the consideration of other guideline provisions in determining the extent of an upward departure).  The departure sentence was well below the total statutory maximum sentence of 108 months and did not constitute a gross abuse of discretion.  *See* United States v. Huddleston, 929 F.2d 1030, 1031 (5th Cir. 1991) (holding that upward departure sentences within statutory limits should not be disturbed absent a gross abuse of discretion).

The judgment of the district court is AFFIRMED.