# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 11, 2010

Charles R. Fulbruge III
Clerk

No. 09-11141
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MATTHEW NORMAN SIMPSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CR-249-6

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Matthew Norman Simpson appeals the district court's order affirming the magistrate judge's pretrial detention order. The district court determined that no condition or combination of conditions would reasonably assure Simpson's presence at trial.

A judicial officer may order a defendant detained pending trial if the officer finds, by a preponderance of the evidence, that "no condition or combination of conditions will reasonably assure the appearance of the person,"

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or, by clear and convincing evidence, that "no condition of combination of conditions will reasonably assure . . . the safety of any other person and the community." § 3142(e), (f); *see United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985). Absent an error of law, we will uphold a district court's pretrial detention order if it is supported by the proceedings in that court. *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992). The district court's determination that the Government had shown by a preponderance of the evidence that no condition or combination of conditions could reasonably assure Simpson's presence at trial is supported by the record. *See United States v. Westbrook*, 780 F.2d 1185, 1189-90 (5th Cir. 1986); *Fortna*, 769 F.2d at 250.

Moreover, Simpson has not shown that any error in denying production of government documents pursuant to the Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2 prejudiced his substantial rights. *United States v. Doucette,* 979 F.2d 1042, 1044-45 (5th Cir. 1992). Thus, Simpson is not entitled to a new detention hearing on this basis. *Id.*

AFFIRMED.