**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2011

No. 10-40866
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GERARDO GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-2437-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

A jury found Gerardo Garcia guilty of one count of conspiring to posses with intent to distribute more than 50 grams of methamphetamine, one count of possessing with intent to distribute more than 50 grams of methamphetamine, and one count of importing more than 50 grams of methamphetamine. Because he had previously been convicted of two qualifying drug crimes, he received a mandatory prison sentence of life. *See* 21 U.S.C. § 841(b)(1)(A). On appeal, he challenges the district court's decision to deny his motion for a mistrial or, in the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alternative, to exclude audio recordings of phone calls he made from prison that undercut his defense of duress.  He argues that the Government violated Federal Rule of Criminal Procedure 16(a)(1)(B)(i) when it made the recordings available to him only a few days before trial was set to begin.

Under Rule 16 (a)(1)(B)(i), upon the defendant's request, the Government must disclose recorded statements made by the defendant if the statements are in the Government's possession, custody, or control and if the prosecutor knows or could know that the statements exist.  The record does not reveal, and Garcia does not assert, that he requested that the Government disclose the recordings.  Moreover, the Government made the recordings available to the defense within two days after it obtained them.  *Cf. United States v. Doucette*, 979 F.2d 1042, 1045 (5th Cir. 1992) (suggesting that the Government did not withhold fingerprint cards and Bureau of Alcohol, Tobacco and Firearms reports under Rule 16 where the Government did not receive them until the day of trial).  Because Garcia has not established that the Government committed a discovery violation, he has not shown that the district court abused its discretion in not granting the relief he sought.  *See United States v. Garcia*, 567 F.3d 721, 734 (5th Cir. 2009).  Accordingly, the judgment of the district court is AFFIRMED.